## HENRY HOLLAND v. TIMOTHY D. SHEEHAN.[1]

January 15, 1909.

Nos. 16,029—(267).

**Charge to Jury—New Trial.**
Examination of the record in this case discloses no reversible errors.

Action in the district court for Ramsey county to recover possession of plaintiff's law library and office furniture or $1,500, the value thereof. Defendant's answer denied that plaintiff had any interest, either as owner or otherwise, in the property, admitted that defendant in 1905 executed a chattel mortgage and note for $1,000 upon the property, alleged full payment of the note and denied plaintiff either owned or possessed it. Payment was denied in the reply. On the trial each party produced a note which he claimed was the admitted note. The case was tried before Hallam, J., and a jury, which returned a verdict in favor of defendant. From an order denying his motion to vacate the verdict and for a new trial, plaintiff appealed. Affirmed.

*David F. Peebles, Edward G. Rogers, George Nordlin* and *Franklin H. Griggs,* for appellant.

*Thos. C. Daggett,* for respondent.

[1] Reported in 119 N. W. 217.

BROWN, J.

This action was brought to recover the possession of certain personal property. Defendant had a verdict, and plaintiff appealed from an order denying his motion for a new trial. Plaintiff claimed the right of possession of the property under a chattel mortgage theretofore executed and delivered to him by defendant. Execution of the mortgage was admitted. The defense was that the indebtedness secured thereby had been paid, and this was the sole issue litigated on the trial.

An examination of the record discloses no reason for disturbing the order appealed from. It is contended that the trial court erred in its charge to the jury upon the question of the burden of proof as to the payment of the mortgage debt. The court first instructed the jury that the burden was upon plaintiff to show that the debt had not been paid, but subsequently, though after the jury had retired and in the absence of counsel, they were recalled and expressly and clearly charged that the burden was upon defendant to show payment. There was no error in thus correcting the previous erroneous instruction, and the affidavits of the jurors to the effect that they were confused and did not understand the position of the court were inadmissible for the purpose of impeaching their verdict. The modified charge was clear and specific, and no person of ordinary intelligence could have misunderstood the rule intended finally to be laid down for the guidance of the jury.

The motion for a new trial, so far as based upon the ground of surprise and excusable neglect, was addressed to the discretion of the trial court (Dunnell, Pr. 1013, 1014), in the exercise of which we find no reversible error.

This covers all questions necessary to be considered, and leads to an affirmance.

Order affirmed.